UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

v.                                :     Docket No. 3:97CR48(EBB)

LEROY DERRY                       :

## RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Leroy Derry ("Derry"), moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a Sentencing Guideline range that has been subsequently lowered by the Sentencing Commission. Specifically, Derry seeks resentencing under Amendment 706, which retroactively altered guideline § 2D1.1 to reduce the base offense levels that apply to crack cocaine offenses. Derry maintains that pursuant to the Amendment he is entitled to a two-level reduction in his § 2D1.1 base offense level, which would result in a lower sentence. The government asserts that a sentence reduction is not authorized under § 3582(c)(2), because application of the Amendment would not have the effect of lowering his applicable guidelines sentencing range. The court agrees, and for the following reasons, denies his motion [doc. # 1611].

### I.    Factual and Procedural Background

Derry was convicted after a lengthy jury trial of multiple counts of conspiracy to distribute heroin and cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(a), two counts of racketeering and racketeering conspiracy, in violation of 18 U.S.C. § 1962(c) & (d), and three counts of conspiracy to commit murder and attempted murder, in violation of 18 U.S.C. § 1959(a)(5).

After the verdict, the Probation Department prepared Derry's Presentence Report ("PSR"). Due to the multiple counts of conviction, a multiple count guidelines computation[1] was required under U.S.S.G. § 3D1.4,[2] which resulted in three separate groups. Group one combined the drug conspiracy counts (counts 14, 16-19). Because the quantity of crack cocaine attributed to him was between 50 and 150 grams, his base offense level under § 2D1.1(c)(4) was 32. Two levels were added pursuant to § 2D1.1(b)(1) for possession of a firearm, and four levels were added under § 3B1.1(a) for his leadership role, which resulted in an adjusted offense level of 38

---

[1] Where a defendant is convicted of multiple counts, the guidelines require certain "closely related" offenses to be grouped together and treated as a single group to "prevent multiple punishment for substantially identical offense conduct." U.S.S.G. Ch. 3, pt. D, introductory cmt. Counts are considered "closely related" for grouping purposes when the involve substantially the same harm or conduct. See U.S.S.G. § 3D 1.2. Where racketeering activity is involved, each of the underlying offenses are treated as a separate count of conviction. See U.S.S.G. § 2E1.1 app. n.1. Convictions on multiple counts do not result in a sentence enhancement unless they represent additional conduct that is not otherwise accounted for by the guidelines.

[2] U.S.S.G. § 3D1.4 is the guideline provision for determining the combined offense level for multiple counts. This section provides that a defendant's combined offense level is determined by taking the offense level applicable to the group with the highest offense level and increasing that offense level by the amount indicated in the following table:

| Number of Units | Increase in Offense Level |
| --- | --- |
| 1 | none |
| 1 1/2 | add 1 level |
| 2 | add 2 levels |
| 2 1/2-3 | add 3 levels |
| 3 1/2-5 | add 4 levels |
| More than 5 | add 5 levels. |

In determining the applicable number of units, one unit is counted for the group with the highest offense level, one unit is counted for each group that is equally serious or from 1 to 4 levels less serious than the group with the highest offense level, one-half unit is counted for any group that is 5 to 8 levels less serious than the group with the highest offense level, and any group that is 9 or more levels less serious is disregarded.

for group one. Group two consisted of the racketeering counts involving a conspiracy to murder and attempted murder (counts 4 and 5), and group three consisted of a racketeering count involving a different murder conspiracy (count 6). Derry's base offense level for both group one and two was level 28 pursuant to §§ 2E1.3 and 2A2.1(a)(1). Four levels were added to each group for his leadership role, which resulted in an adjusted offense level 32 for both group one and group two.

Under the § 3D1.4 analysis, because the offense levels of groups two and three were 32, or 6 levels less serious than group one's higher offense level 38, they each counted as one-half unit. Adding these half units to the one unit for group one resulted in a two-level increase in the highest offense level 38, giving him a combined offense level of 40. Based on his criminal history category of IV, his applicable guidelines sentencing range was 360 months to life imprisonment.

Derry was sentenced on October 26, 1998. The court, (Nevas, J.), adopted the facts and calculations in the PSR and found that Derry's combined total offense level was 40, his criminal history category was VI, and his resulting applicable sentencing range was 360 months to life. The court sentenced Derry to concurrent terms of 396 months on counts 1 and 2, 396 months on count 14, 396 months on counts 16 - 19, and 120 months on counts 4-6.

## II. Section 3582(c)(2) and Amendment 706

In November 2007, the Sentencing Commission amended the Sentencing Guidelines to generally reduce by two levels the base offense levels of U.S.S.G. § 2D1.1(c), which apply to crack cocaine convictions. See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706"). While the Amendment was made retroactive, the district court is only authorized by 18

3

U.S.C. § 3582(c)(2) to resentence a defendant if resentencing is consistent with the Sentencing Commission's applicable policy statements. The relevant policy statements permit a sentence reduction if the Amendment has the effect of lowering a defendant's applicable guideline sentencing range. U.S.S.G. § 1B1.10(a). Thus, even if the Amendment is applicable to a defendant, a sentence reduction is not authorized if it would "not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline or statutory provision* (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 n.1(A) (emphasis added). It is now settled that "the term sentencing range clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." United States v. Martinez, -- F.3d -- , No. 08-3454-cr, 2009 WL 2004208, at *2 n.3 (2d Cir. July 13, 2009) (quoting and adopting United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) and holding that "to determine which Guideline a defendant's sentence is based on we look only to the end result of the overall calculus ... and not to the "interim" steps taken by the District Court").

The grouping rules under U.S.S.G. Ch. 3, pt. D is another such guideline provision. Thus, Amendment 706 would not necessarily result in a lower guideline range for a defendant who was convicted of multiple counts and was subject to an increase in his combined offense level under the guidelines' grouping rules, which were not affected by the Amendment. Put another way, if Amendment 706 resulted in a two-level decrease in a defendant's base offense level for the quantity of crack cocaine under § 2D1.1(c), that decrease could change the calculations under § 3D1.4's grouping rules, which could change the combined offense level which, in turn, might not result in a lower guideline range. Cf. United States v. McGee, 553 F.3d

225, 227 (2d Cir. 2009) (holding that a defendant is not eligible for a sentence reduction based on Amendment 706 where it has the effect of only decreasing the § 2D1.1 base offense level for crack cocaine offenses because a reduction in sentence is only authorized if a defendant's sentencing range was lowered after recalculating his sentencing range using the amended offense level).

In determining whether a reduction is warranted under the Sentencing Commission's applicable policy statements, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). In calculating the amended guideline range, the court substitutes the amended offense level of § 2D1.1(c), but leaves "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

### III. Determination of Whether a Reduction is Warranted

Here, Derry correctly argues that, based on the applicable quantity of crack cocaine involved, his base offense level under § 2D1.1 is lowered from a base offense level 32 to a base offense level 30. However, due to the application of the guidelines' grouping rules, see U.S.S.G. § 3D1.4, his combined offense level is not lowered, nor is his resulting sentencing range. Thus, a reduction in Derry's sentence would not be consistent with the applicable policy statements, and would not be authorized under § 3582(c)(2), because § 2D1.1 "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

In fact, if the court recalculates Derry's guideline range based on the Amendment's two-level reduction in his base offense level for the group one crack convictions, his combined offense level pursuant to § 3D1.4 is only reduced by one level, from 40 to 39, and the lower

5

combined offense level does not have the effect of lowering his guidelines sentencing range. To illustrate: with regard to group one, Derry's base offense level under § 2D1.1 for the quantity of crack cocaine attributed to him is reduced from base offense level 32 to base offense level 30. Adding the same upward adjustments – i.e., two levels for use of a firearm and four levels for his leadership role – results in a new group one adjusted offense level of 36, which is two levels less than his original group one adjusted offense level of 38. Amendment 706 has no effect on the adjusted offense levels for group two and group three, and they remain the same as before, i.e., at an adjusted offense level 32. Next, as it did at the time Derry was sentenced, the court determines his combined offense level under § 3D1.4's grouping rules by adding the number of levels that correspond to the number of units for each of the groups. Group one, which, at level 36, has the highest offense level, is counted as one unit, and groups two and three, both of which are at level 32, are each counted as one unit because offense level 32 is now only four levels less serious than group one's level 38. So, instead of adding just two levels, three levels must be added to group one's offense level 36, and his new combined offense level is 39..

In other words, when Derry was originally sentenced, his adjusted offense level was only increased by <u>two</u> levels under § 3D1.4's grouping rules because the number of units for the three groups was two (i.e., one unit for group one, one-half unit for group two, and one-half unit for group three), whereas under the amended guidelines his adjusted offense level is increased by <u>three</u> levels pursuant to § 3D1.4's grouping rules because the total number of units for all three groups is <u>three</u> (group one counts as one unit and group two and group three each also count as one unit).

Thus, under the Amendment, while Derry's base offense level for group one is reduced

by two levels, his combined offense level is only reduced by one level, to 39. With his criminal history category IV, his resulting guidelines sentencing range is 360 months to life imprisonment, which is the same as it was when he was sentenced in 1998. Accordingly, the crack cocaine amendment does not have the effect of lowering Derry's applicable guideline range within the meaning of § 1B1.10, and the court is not authorized to resentence him. See United States v. Keith, Nos. 08-1821-cr, 08-2708-cr, 2009 WL 962282, at *2 (2d Cir. Apr. 10, 2009) (holding that § 1B1.10(a)(2)(B) did not authorize the defendant's sentence reduction even if Amendment 706 reduced his <u>offense</u> <u>level</u> from 40 to 38, because "his criminal history category – which Amendment 706 does not change – would still impose a <u>guideline</u> <u>range</u> of 360 months to life") (emphasis in original); United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) (noting that a defendant's sentence is not based on a range that was lowered by the Sentencing Commission where "the range upon which [his] sentence was based is unaffected by the change in his base offense level").

## IV. Conclusion

For the foregoing reasons, Derry's motion for resentencing [doc. # 1611] is DENIED.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ
_____
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated this 23 day of July, 2009 at New Haven, Connecticut.