UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:97-cr-00048(3) (MPS) |
| | : | |
| v. | : | |
| | : | |
| LEROY DERRY, | : | |
|     Defendant. | : | May 27, 2015 |

_____

## MEMORANDUM OF DECISION

**I.    Introduction**

In 1998, the Honorable Alan H. Nevas sentenced the defendant, Leroy Derry, to 396 months' imprisonment following his conviction on various drug trafficking, racketeering, and attempted murder counts. This sentence fell within the Guidelines sentencing range applicable to Derry at the time, which was 360 months to life. In 2011, the Honorable Ellen Bree Burns (to whom Derry's case was assigned after Judge Nevas retired) reduced Derry's sentence to 293 months under 18 U.S.C. § 3582(c)(2), which allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." *Id.* Judge Burns determined that by adopting Amendment 750, which lowered the base offense levels for certain crack cocaine offenses by two levels, and making it retroactive, the Commission had lowered Derry's sentencing range to 235-293 months, and she sentenced him at the top of that range. Derry has now filed a motion seeking another reduction under Section 3582(c)(2) in the wake of the Commission's decision to adopt and make retroactive (beginning November 1, 2015) Amendment 782, which reduces offense levels in the drug quantity table, U.S.S.G. § 2D1.1.

Derry, the Government, and the U.S. Probation Office all agree that Derry's Guidelines sentencing range after taking account of Amendment 782 is the same as it was after Amendment 750 was adopted, i.e., 235-293 months, due to the operation of the "grouping rules" in Section 3D of the Guidelines. What they do not agree on—and what the Court must decide—is whether this circumstance makes Derry ineligible for a sentence reduction under Section 3582(c)(2), even though his post-Amendment 782 sentencing range is still lower than the sentencing range that applied at his original sentencing. The Court concludes that Derry is ineligible for a sentence reduction, because Amendment 782 did not lower the sentencing range in Derry's case, and because Derry's interpretation would permit defendants to seek multiple sentence reductions based on the same sentencing range, a result contrary to the general rule of finality in sentencing.

**II.     Discussion**

Sentences are generally final and may not be revised or modified except in narrow circumstances. *See* 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010) (noting that under Section 3582(c) "[a] federal court generally 'may not modify a term of imprisonment once it has been imposed'" and describing sentencing reduction authority under Section 3582(c)(2) as an "exception to that rule"). One of those narrow circumstances is when the Commission adopts an amendment to the Sentencing Guidelines that it chooses to make retroactively applicable to previously sentenced defendants. 18 U.S.C. § 3582(c)(2).

Derry argues that he is eligible for a sentence reduction under Section 3582(c)(2) because the sentencing range that would be computed after Amendment 782 goes into effect (235-293 months) is lower than the sentencing range that was used for his *original* 1998 sentencing (360 months to life), even though it is not any lower than the sentencing range that was used in the 2011 sentence reduction ordered by Judge Burns under Amendment 750. Derry's argument has

2

some superficial appeal based on the plain language of the statute. A sentence modification under Section 3582(c)(2) is not, itself, a sentencing or a "full resentencing." U.S.S.G. § 1B1.10(a)(3); *Dillon*, 560 U.S. at 825. Thus, the statute's applicability to a "defendant who has been *sentenced* to a term of imprisonment based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2) (emphasis added), likely refers to the sentence imposed at the original sentencing hearing, which means that the term "sentencing range that has subsequently been lowered" would refer to the sentencing range that applied at the original sentencing. The sentencing range applicable to Derry after taking account of Amendment 782 is lower than the one that applied at his original sentencing, i.e., 235-293 months versus 360 months to life. Thus, comparing only the version of the Guidelines that applied at Derry's original sentencing with the version of the Guidelines that exists today after the adoption of Amendment 782, it can be said that Derry is "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

But a closer analysis of Section 3582(c)(2) reveals that Derry is ineligible for a sentence reduction. A sentence reduction under Section 3582(c)(2) is available only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Guidelines is the policy statement adopted by the Commission to implement Section 3582(c)(2), and it remains, even after *Booker*, binding on courts. *United States v. Erskine*, 717 F.3d 131, 135 (2d Cir. 2013) ("[W]e hold today that § 1B1.10 of the Guidelines is valid and binding on district courts."). Section 1B1.10 makes clear that Section 3582(c)(2) applies "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered *as a result of* an

amendment to the Guidelines Manual listed in subsection (d) below [i.e., an amendment, such as 782, that the Commission has decided to make retroactive]." U.S.S.G. § 1B1.10(a)(1) (emphasis added); *see also id.* § 1B1.10(a)(2)(B) (reduction is not authorized under Section 3582(c)(2) if "an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

Therefore, the question is whether "the guideline range applicable to [Derry] has subsequently been lowered *as a result of [Amendment 782]*." U.S.S.G. 1B1.10(a)(1) (emphasis added). The italicized language suggests a "but for" causation analysis, and under that analysis, Amendment 782 caused no "lowering" of Derry's sentencing range. To see why this is so, it is necessary to delve further into Derry's original sentence and the application of the Guidelines to his case.

At the time of Derry's original sentencing, the Court determined that a multiple-count computation was required under U.S.S.G. § 3D1.4, dividing up the counts into three groups. For Group One, the drug conspiracy counts (Counts 1, 2, 14, and 16-19), the Court found that Derry was responsible for more than 50 but less than 150 grams of cocaine base, resulting in a base offense level of 32 under Section 2D1.1(c)(4). *See* PSR ¶ 60 (a quantity of 104.2 grams of cocaine base). The Court further found that a 2-level increase was warranted under Section 2D1.1(b)(1) for Derry's possession of a firearm, and a 4-level increase was warranted under Section 3B1.1(a) for Derry's leadership role, resulting in an adjusted offense level of 38 for Group One. For Group Two, the conspiracy and attempted murder counts (Counts 4 and 5), the Court found that the base offense level was 28 under Sections 2E1.3 and 2A2.1(a)(1). The Court also found that a 4-level increase was warranted under Section 3B1.1(a) for Derry's leadership role, resulting in an adjusted offense level of 32. For Group Three, the conspiracy to

4

commit murder count (Count 6), the Court found that the base offense level was 28 under Sections 2E1.3 and 2A2.1(a)(1). The Court also found that a 4-level increase was warranted under Section 3B1.1(a) for Derry's leadership role, resulting in an adjusted offense level of 32. Under the multiple-count analysis required by Section 3D1.4, the Court added 2 levels to Group One (the group with the highest offense level) for a total offense level of 40, which, along with the finding that Derry was in Criminal History Category IV, resulted in a sentencing range of 360 months to life imprisonment.

Under Amendment 750, the base offense level for Group One dropped to 26. After applying the same 2-level and 4-level increases as before, the adjusted offense level was 32. Thus, all three groups had an adjusted offense level of 32. Under the multiple-count analysis required by Section 3D1.4, the Court added 3 levels, for a total offense level of 35, which resulted in a sentencing range of 235-293 months imprisonment. Using that new range, Judge Burns reduced Derry's sentence to 293 months.

Thus, the effect of Amendment 750 was to lower the base offense level of the group with the highest offense level, the group representing the drug trafficking counts, to the point where all three groups had the same offense level of 32 under Section 3D1.4. This led to a five-point reduction in the total effective offense level, from 40 to 35, corresponding to a "lowering" shift in the sentencing range from 360 months to life to 235-293 months. By contrast, the effect of Amendment 782 on the sentencing range is nonexistent, whether it is analyzed as additive to the earlier-adopted Amendment 750 or analyzed in isolation in comparison only to the Guidelines in place during the original sentencing.

Analyzing Amendment 782's effect as additive to earlier amendments, as the Guidelines generally contemplate,[1] reveals that Amendment 782 caused no lowering of Derry's sentencing range beyond what Amendment 750 had already caused. Under Amendment 782, the adjusted offense level for Group One drops an additional 2 levels, to 30. But Groups Two and Three still have an adjusted offense level of 32, and after applying the Section 3D1.4 analysis (adding 3 levels to the group with the highest offense level), the total offense level is still 35, and the sentencing range is still 235-293 months.

Even if, as Derry suggests, it is proper to analyze Amendment 782 in isolation and not in terms of what it adds to earlier amendments—so that the *original* Guidelines computation is always the relevant point of comparison in determining whether a Guidelines amendment causes a lower sentencing range—Amendment 782 would still have no effect and would bring about no "lowering" of the sentencing range. Amendment 782 reduces the offense levels in the drug quantity tables by two. If one calculated a 2-level reduction to the offense level of Group One that prevailed at the original sentencing, from 38 to 36, and then applied the grouping rules, the final offense level would be 39, as opposed to 40, but the sentencing range in Criminal History Category IV would still be 360 months to life. Thus, it cannot be said that Derry's sentencing range "has been lowered as a result of" the adoption of Amendment 782. He is therefore not eligible for a sentence reduction under Section 3582(c)(2).

---

[1] Amendments to the Guidelines are cumulative; they build on each other to create a living body of advice that evolves as new data are gathered. *See* 28 U.S.C. § 994(o) (calling for the Commission to "periodically review and revise" the Guidelines, "in consideration of comments and data coming to its attention," and requiring the Justice Department, Bureau of Prisons, Judicial Conference, and other agencies to submit comments and suggestions for change to the Commission each year). And in determining whether a defendant is eligible for a sentence reduction, a court is to consider the impact of *all* amendments to the Guidelines that the Commission has adopted and made retroactive as of the time of the proposed reduction. U.S.S.G. 1B1.10(b)(1) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if amendment*(s)* to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.") (emphasis added).

At least two courts of appeals, under similar circumstances, have affirmed denials of Section 3582(c)(2) reductions. *United States v. Banks*, 770 F.3d 346, 348-49 (5th Cir. 2014) ("We hold that under section 3582, a defendant's sentence is 'based on' the guidelines range for the sentence he is currently serving, not the guidelines range used in his original sentencing. . . . As such, Banks's sentence would be unaffected."); *United States v. Broadwater*, 471 F. App'x 534, 535 (7th Cir. 2012) ("His base offense level had already been lowered to 32 by amendment 706 and could not be reduced further by amendment 750, which assigns the same base offense level of 32 to defendants like Broadwater who are responsible for between 280 to 840 grams of crack cocaine. Because his guidelines range did not change, the district court could not further reduce his sentence under § 3582(c)(2).").

In order to find Derry eligible, this Court would have to hold that a sentencing reduction is available any time the Commission implements a retroactive amendment that *leaves* the sentencing range lower than it had been at the original sentencing, even if the amendment itself does not *cause* the sentencing range to be lower. Such an interpretation of Section 3582(c)(2) would allow multiple bites at the same apple and cannot be the result that Congress or the Commission intended. In this case, for example, Derry has already been afforded judicial consideration of whether his sentence should be reduced in light of an amended sentencing range of 235-293 months. And that opportunity resulted in a reduction from 396 months to 293 months. He is now asking this Court to consider—again—whether he should receive a reduction in light of the same amended sentencing range of 235-293 months. He claims in particular that his post-sentencing rehabilitation warrants a sentence at the bottom of this range, not at the top of the range, where Judge Burns sentenced him. He now asks this Court, in effect, to reconsider Judge Burns's sentence reduction. But even if Derry did not have the opportunity to submit

7

evidence of post-sentencing rehabilitation when his sentence was reduced by Judge Burns, the Court would still decline the invitation to reconsider. Allowing such a circumstance to occasion judicial revisiting of a sentence would open the doors to sentence modifications in a wide range of changed circumstances and would undermine the policy of sentencing finality embodied in Section 3582 and Rule 35 of the Federal Rules of Criminal Procedure.

### III.    Conclusion

For the foregoing reasons, Defendant Leroy Derry's Motion to Reduce Sentence (ECF No. 1708) is DENIED.


**SO ORDERED** this 27th day of May 2015 at Hartford, Connecticut.


/s/
Michael P. Shea
United States District Judge